KEITH D. YANDELL (BAR NO. 233146)
MARSHALL C. WALLACE (BAR NO. 127103)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: kyandell@allenmatkins.com
        mwallace@allenmatkins.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CHARLES ALEXANDER, an individual; STEPHEN AMBERG, an individual; CAROLIND AMEZQUITA, an individual; KHALED AMMARI, an individual; TONY ANABO, an individual; LISA ANDERSON, an individual; TIANLI HOU, an individual; JAMES ARNOLD, an individual; JANE BABAUTA, an individual; MARC BALOGH, an individual; CARLOS BANDINI, an individual; CHERYL BARTLETT, an individual; THOMAS LOVE, an individual; TAMMY BASS, an individual; LINDEN BECKFORD, an individual; JOSE A. BELTRAN, an individual; RAY BEROTTE, an individual; VIRGINIA BETANCOURT, an individual; SHARON BORDEN, an individual; DAVID BREIDENTHAL, an individual; GUY W. BROWN, an individual; LOTCHIE BURTON, an individual; KATHY BUSHDEIKER, an individual; ELAINE CAGANAP, an individual; SALVADOR CANTERO, an individual; FREDERICK CAPALDI, an individual; CARLO CARADO, an individual; DAVID CARREON, an individual; MICHELLE CARRINGTON, an individual; ELIZABETH CARTER, an individual; DORITA J. CASTILLANO, an individual; | Case No. 14-cv-01303-R-CW<br><br>DEFENDANT WELLS FARGO BANK, N.A.'S EX PARTE APPLICATION TO EXTEND DEADLINE TO RESPOND TO COMPLAINT<br><br>Date: No Hearing Scheduled<br>Time: No Hearing Scheduled<br>Crtrm.: 8-2nd Floor<br>312 North Spring Street<br>Los Angeles, Ca 90012<br>Judge: Hon. Manuel L. Real |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | JOSE CEDENO, an individual;<br>DESSIE CLARK, an individual;<br>DESMOND CLARKE, an individual;<br>YVONNE CLEMENTS, an individual;<br>CECIL CODNER. an individual;<br>BILLY COMPEAN, an individual;<br>MARITA ANN COOPER, an individual;<br>RANDALL A CORCORAN, an individual;<br>HAROLD R. CORNELIUS, an individual;<br>BRUCE CORWIN, an individual;<br>JON ANTHONY CUVILLIER, an individual;<br>ARLENA DICKERSON, an individual;<br>JOHN DIENHART, an individual;<br>JUAN DILONE, an individual;<br>MARY DUNDON, an individual;<br>HILDA ESPINOSA, an individual;<br>LUCAS ESPINOZA, an individual;<br>MORDANT EVANS, an individual;<br>AUDREY FARQUHARSON, an individual;<br>DANIEL FINNEY, an individual;<br>GREG FIRTH, an individual;<br>CHRISTINE FOWLKES, an individual;<br>PATRICIA FOX, an individual;<br>JOSE FREEMAN, an individual;<br>YAN FU, an individual;<br>SALVADOR GALINDO, an individual;<br>ANTHONY GALLO, an individual;<br>NANA GALPIN, an individual; and<br>ANAGAIL GALVEZ, an individual, |
| 18 | Plaintiffs, |
| 19 | vs. |
| 20<br>21 | WELLS FARGO BANK, N.A., a California corporation; and DOES 1 through 25, inclusive, |
| 22 | Defendants. |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

915780.01/SF

-2-

## APPLICATION

Pursuant to Local Rule 7-19, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves this Court on an *ex parte* basis for an order extending Wells Fargo's deadline to respond to the complaint to a date at least thirty (30) days after the appropriate Court issues an Order on Wells Fargo's forthcoming Motion to Sever Misjoined Plaintiffs. Alternatively, Wells Fargo asks for an additional thirty (30) days, up and until March 29, 2014, to file its responsive pleading.

Pursuant to Local Rule 7-19, counsel of record for Plaintiffs is:

Erikson M. Davis
Real Estate Law Center, PC
695 South Vermont, Suite 110
Los Angeles, California 90005
Telephone: (213) 382-3250
erikson@lenderlawlitigation.com

Pursuant to this Court's Order Re: Notice to Counsel, no hearing will be held unless deemed necessary by the Court.

Wells Fargo's application is based on the below Memorandum of Points and Authorities, Judge Margaret M. Morrow's Order Granting Motion to Dismiss [Dckt No. 31] and Order Severing and Dismissing Misjoined Plaintiffs' Claims [Dckt No. 33] in Central District Case No. CV 12-10075, the papers and records in the Court's file, and the Declaration of Keith D. Yandell.

Dated: February 26, 2014

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Keith D. Yandell
KEITH D. YANDELL
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs, sixty (60) individuals from sixteen (16) different states, assert that they need not repay the millions of dollars they borrowed because Wells Fargo failed to comply with the Real Estate Settlement Procedures Act ("RESPA") and otherwise failed to properly securitize Plaintiffs' loans. The Plaintiffs in this case, however, are misjoined because each cause of action in the Complaint turns upon the unique factual circumstances surrounding each Plaintiff's loan. <u>In response to a near-identical action brought by the same lawyers and some of the same Plaintiffs who attempt to prosecute this case, Judge Margaret M. Morrow *sua sponte* issued an Order to Show Cause Why Misjoined Plaintiffs 'Claims Should Not Be Severed and, ultimately, dismissed all but the named plaintiff's claims.</u> (*See Attygala, et al. v. Wells Fargo*, C.D. Cal. Case No. CV 12-10075, Dckt Nos. 18, 31, 33.) This action is an effort to circumvent Judge Morrow's rulings. Wells Fargo believes Plaintiffs' effort to forum shop should fail, and that this case must be assigned to Judge Morrow pursuant to C.D. Cal. Local Rule 83-1.2.2, because Judge Morrow dismissed certain Plaintiffs' claims against Wells Fargo <u>with prejudice</u> in the *Attygala* action. (*See* Notice of Related Case [Dckt No. 4].) Wells Fargo also contends that this case should be deemed related to *Attygala* pursuant to Local Rule 83.1.3.1 because the cases call for similar determinations of law and fact, and having them heard by different judges would entail a substantial duplication of efforts.[1] (*Id.*) Regardless of the judicial assignment, Wells Fargo intends to ask that the assigned Court sever and dismiss the Complaint of every Plaintiff besides Charles Alexander ("Alexander") for the same reasons set forth in Judge Morrow's orders in the *Attygala* case.

---

[1] Wells Fargo also expects this case to be deemed related to other identical cases Plaintiffs' counsel has filed against Wells Fargo and that Wells Fargo has removed or is in the process of removing. *See, e.g., Garner v. Wells Fargo*, Central District of California Case No. 2:14-cv-01421.

Against that backdrop, Wells Fargo asks that the Court extend Defendant's responsive pleading deadline until thirty (30) days after the appropriate Court hears Wells Fargo's Motion to Sever, which Wells Fargo will file on or before March 7, 2014, and attempt to notice for a hearing on April 7, 2014. Alternatively, Wells Fargo requests a thirty-day extension of its deadline to respond to the Complaint.

## II. GOOD CAUSE EXISTS FOR GRANTING THIS APPLICATION

Wells Fargo brings this application on an *ex parte* basis because the bank's <u>responsive pleading is due tomorrow</u>, February 27, and Plaintiffs' counsel has not approved a stipulation that would allow Wells Fargo an extension of its deadline to respond to what in reality is sixty (60) separate complaints. In the parties' meet and confer correspondence, however, Plaintiffs' counsel stated that he did not oppose Wells Fargo's request for a continuance of the responsive pleading deadline. (Declaration of Keith D. Yandell, Ex. A.) Wells Fargo will suffer undue hardship if forced to prepare a Motion to Dismiss addressing each of the sixty (60) Plaintiff's seven (7) claims for relief because each Plaintiff's claim involves a separate loan, separate property, and separate transaction, all of which give rise to separate dispositive defenses. The prejudice to Wells Fargo would be particularly great given the short time the bank has to respond to the numerous Plaintiffs' individual claims. Further, a finding that some or all of the Plaintiffs have been misjoined will substantially narrow the claims at issue in this case. Thus, to conserve the parties and this Court's resources, Wells Fargo asks that the appropriate Court rule on the joinder issue before requiring Wells Fargo to respond to the merits of the Complaint. Alternatively, the bank requests that the court grant it an additional thirty (30) days to respond to the Complaint.

## III. CONCLUSION

In the interest of judicial economy and to prevent undue prejudice to Wells Fargo, the Court should extend Defendant's responsive pleading deadline until thirty (30) days after the appropriate Court rules on Wells Fargo's Motion to Sever. In the

1  alternative, Wells Fargo asks the Court to extend its responsive pleading deadline by
2  thirty (30) days, to March 29, 2014.

4  Dated: February 26, 2014

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Keith D. Yandell
KEITH D. YANDELL
Attorneys for Defendant
WELLS FARGO BANK, N.A.